UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELLEN BROOKS, GERALD WAITH,
AVIYAHU BROOKS, RON BROOKS,
ANTHONY WANZER, KAREEM MCCRAY,
JERMAINE CONGRESS,
BASHAWN HOLIDAY, and KEVIN SHULER,

                           Index No.:

                     Plaintiffs,

          -against-                          COMPLAINT

                                   PLAINTIFFS DEMAND TRIAL
                                   BY JURY
THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
AND JOHN AND JANE DOES (Nos. 1-10)
POLICE OFFICERS of the NEW YORK CITY
POLICE DEPARTMENT,

                     Defendants.
------------------------------------------------------------X

        ELLEN BROOKS, GERALD WAITH, AVIYAHU BROOKS, RON BROOKS,

ANTHONY WANZER, KAREEM MCCRAY, JERMAINE CONGRESS, BASHAWN

HOLIDAY, and KEVIN SHULER (hereinafter "plaintiff's" unless otherwise specified), by their

attorney, Harold Baker, Esq., complaining of the defendants herein, respectfully shows to this

Court, and alleges as follows:

### PRELIMINARY STATEMENT

        1.        This is an action for monetary damages (compensatory and punitive) against THE

CITY OF NEW YORK, (hereinafter "City of New York"), The NEW YORK CITY POLICE

DEPARTMENT (hereinafter "NYPD"), and "JOHN" and "JANE DOES,"(Nos. 1-10) police

officers of defendant NYPD, (hereinafter "John and Jane Doe officers 1-10"), the identity and

number of whom is presently unknown to plaintiffs, persons intended being the police officers

1

and/or supervisors who participated in the arrest, detention and prosecution of plaintiffs, arising out of the false arrest, malicious prosecution, assault, battery, filing of false reports regarding, and false imprisonment of plaintiffs.

2. It is alleged that on March 9, 2010 officers John and Jane Doe 1-10, of the NYPD, individually and as supervisory employee(s) of defendant NYPD, and as agents, servants and/or employees of defendant NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, false arrest, false imprisonment, detention, assault, battery, filing of false reports and malicious prosecution for acts of which plaintiffs were innocent.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiffs were and still are residents of the County of Kings, in the City and State of New York. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer and Kevin Shuler reside at 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY. Plaintiff Kareem McCray resides at 707 Green Avenue, first floor, Brooklyn, NY, plaintiff Jermaine Congress resides at 345 Classon Avenue, apartment# 19G, Brooklyn, NY, and plaintiff Bashawn Holliday resides at 580 Central Avenue, apartment #2C, Brooklyn, NY.

4. At all times relevant and material herein, the defendant City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

5. At all times relevant and material herein, the defendants John and Jane Doe police officers 1-10 were employees of the Police Department of the City of New York.

6. At all times relevant and material herein, the defendants John and Jane Does Nos. 1-10, were personnel of the Police Department of the City of New York.

## JURSIDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

8. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

9. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

10. Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

11. With regard to plaintiff Ellen Brooks, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on July 16, 2010.

12. With regard to plaintiff Gerald Waith, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on December 6, 2010.

13. With regard to plaintiff Aviyahu Brooks, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on August 11, 2010.

14. With regard to plaintiff Ron Brooks, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on August 11, 2010.

15. With regard to plaintiff Anthony Wanzer, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was postponed, but never rescheduled by the New York City Office of the Comptroller.

16. With regard to plaintiff Kareem McCray, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on July 16, 2010.

17. With regard to plaintiff Jermaine Congress, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was not held.

18. With regard to plaintiff Bashawn Holliday, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was not held.

19. With regard to plaintiff Kevin Shuler, a Notice of Claim for false arrest against the defendant New York City Police Department was filed on June 8, 2010. A hearing pursuant to GML 50-H was held on August 11, 2010.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

20. Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

21. At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

22. The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

23. The arresting officers, John and Jane Doe officers 1-10, were, at all times relevant hereto, employees of defendant NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of defendant NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

24. Upon information and belief, the defendants John and Jane Doe officers Nos. 1-10 were graduates of the Police Academy of the City of New York.

25. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendants, John and Jane Doe officers Nos. 1-10, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

26. In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, John and Jane Does Nos. 1-10 in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

27. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

28. At all times mentioned herein, the defendants' acts constituted state action.

29. On March 9, 2010, defendants John and Jane Doe 1-10, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as Plaintiff.

30. On March 9, 2010 defendants John and Jane Doe officers 1-10, members of the NYPD, forcibly entered 456 Dekalb Avenue, #8C, Brooklyn, NY screamed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs, forced plaintiffs at gunpoint to lie on the floor of the apartment, illegally searched plaintiffs, handcuffed plaintiffs, interrogated plaintiffs, illegally ransacked apartment 8C, wherein plaintiffs Ellen Brooks, Gerald Waith, Ron and Aviyahu Brooks, and Kevin Shuler resided, and in so doing damaged personal belongings of the Brooks', Mr. Waith and Mr. Shuler. At the time of the illegal forcible entry into 456 Dekalb Avenue, Apartment 8C by the NYPD, plaintiffs were not engaged in any criminal behavior whatsoever. Furthermore, defendants Jon and Jane Doe officers 1-10 then forcibly transported plaintiffs to a police precinct where plaintiffs were held against their will in jail cells for hours. Plaintiffs were then transported in handcuffs to Central Booking in downtown Brooklyn where they were held for more hours against their will. All of the plaintiffs were thereafter released without seeing a

Judge and all of the charges were dropped. All of the above actions were committed by the defendants against plaintiffs despite the fact that none of the plaintiffs had committed any crime whatsoever and without just, reasonable, lawful or proper cause to arrest, and the plaintiffs.

At no time herein did any plaintiff ever act in an unlawful or disorderly fashion. At no time did plaintiffs act in any way, fashion or manner which justified the use of force in pointing firearms at plaintiffs, forcing plaintiffs to the floor and holding plaintiffs at gunpoint and thereafter handcuffing, arresting and jailing plaintiffs.

Plaintiff Ellen Brooks suffered bruising and swelling to her body and knees and suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on her and her subsequent unlawful detention. She will be required to receive medical treatment and psychological support for her trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Gerald Waith suffered bruising and swelling to his body, and suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Aviyahu Brooks suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Ron Brooks suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive

psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Anthony Wanzer suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Kareem McCray suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Jermaine Congress suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Bashawn Holiday suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Kevin Shuler suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

31. Upon information and belief, police officers John and Jane Doe police officers 1-10, and other officers, employees of defendant NYPD, wrongfully and improperly entered 456 Dekalb Avenue, #8C, Brooklyn, NY stopped, detained and arrested plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler, when, in fact, plaintiffs had committed no crime whatsoever.

32. Upon information and belief, John and Jane Doe police officers 1-10, and other officers, employees of defendant NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler, when it was not right, just, lawful, proper, or necessary to do so.

33. On March 9, 2010, employees of defendant NYPD, including defendants John and Jane Doe Officers 1-10, and other officers, and their supervisors, acting in concert, maliciously and with intent to injure plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler, and without just cause or any right to do so, handcuffed them and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

34. The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

35. Defendants acted maliciously and intentionally.

36. Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the

defendants, and were confined in various facilities of defendants NYPD, and the City of New York, including the 79th precinct, Central Booking and others.

37. At the time of their unlawful seizure, plaintiffs Ellen Brooks, Gerald Waith, Ron and Aviyahu Brooks, and Kevin Shuler were lawfully in their home, not violating any laws, nor committing any crime.

38. At the time of their unlawful seizure, plaintiffs Jermaine Congress, Kareem McCray and Bashawn Holiday were lawfully in the home of their friends and were not violating any laws, nor committing any crime.

39. The arrest charges against plaintiffs were disposed of, in their favor, as all plaintiffs were released before any criminal charges were filed against them in court. Since then, no criminal charges have ever been filed against them based on the illegal search and seizure that occurred on March 9, 2010.

40. As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;
>
> Physical injury, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, emotional distress and mental anguish.

41. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)**

42. Plaintiffs re-allege paragraphs 1 through 40 and are incorporated herein by reference hereinafter.

43. Defendants, acting in concert and under the color of state law, have deprived plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

44. As a result, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

45. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

46. Upon approaching plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler and handcuffing and arresting them, defendants City of New York, NYPD, and John and Jane Doe Police Officers 1-10, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

47. The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

48. The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

49. As a result of that assault, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

### THIRD COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

50. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

51. The defendants arrested, detained and imprisoned plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler, without warrant or probable cause, even though they knew or should have known that they were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

52. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs claim damages for the injuries set forth above.

### FOURTH COUNT
### (COMMON LAW ASSAULT)

53. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

54. The defendants are liable for assault to plaintiffs.

55. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

## FIFTH COUNT
### (COMMON LAW BATTERY)

56. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

57. The defendants are liable for battery to plaintiffs.

58. As a result, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

59. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

60. The defendants are liable for false arrest and false imprisonment to plaintiffs.

61. As a result thereof, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

## SEVENTH COUNT
## (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

62. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

63. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

64. The defendants are liable for intentional infliction of emotional distress to plaintiffs.

65. As a result thereof, plaintiffs Jones and Newman Callahan claim damages for the injuries set forth above.

## EIGHTH COUNT
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

66. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

67. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

68. The defendants are liable for negligent infliction of emotional distress to plaintiffs.

69. As a result thereof, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

## NINTH COUNT
## (COMMON LAW NEGLIGENCE)

70. Plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

71. The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

72. Additionally, the defendants City of New York, the NYPD and John and Jane Does Nos. 1-10 were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

73. As a result thereof, plaintiffs Ellen Brooks, Gerald Waith, Aviyahu Brooks, Ron Brooks, Anthony Wanzer, Kareem McCray, Jermaine Congress, Bashawn Holiday, and Kevin Shuler claim damages for the injuries set forth above.

**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Million ($500,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
May 1, 2012

Yours,

HAROLD BAKER, ESQ. (hb2179)

By: _____
Attorney for Plaintiffs Ellen Brooks, Gerald Waith,
Aviyahu Brooks, Ron Brooks, Anthony Wanzer,
Kareem McCray, Jermaine Congress, Bashawn Holiday,
and Kevin Shuler
32 Court Street
Suite 507
Brooklyn, New York
(718) 858-7927